UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN D. BRUSH & CO., INC.,                         Civil No.: _____
d/b/a SENTRY GROUP,

                Plaintiff,          **COMPLAINT**

    vs.

TRAVEL SENTRY, LLC, and                            **JURY TRIAL DEMANDED**
TRAVEL SENTRY, INC.,

                Defendants.

---

Plaintiff, JOHN D. BRUSH & CO., INC., d/b/a SENTRY GROUP ("Sentry Group"), as and

for its Complaint against the defendants, TRAVEL SENTRY, LLC and TRAVEL SENTRY, INC.

(individually a "Defendant" and collectively "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1.      Plaintiff Sentry Group is a New York Corporation with its principal place of business

in Rochester, New York.  Sentry Group is engaged in the manufacture, sale and distribution of safes

and secure storage containers throughout the United States and in foreign commerce with the United

States.

2.      Upon information and belief, Defendant, TRAVEL SENTRY, LLC, is a limited

liability company formed under the laws of the District of Columbia, with a principal place of

business in the District of Columbia.  Upon information and belief, Defendant, TRAVEL SENTRY,

INC., is a corporation formed under the laws of Florida, with a principal place of business in

Windermere, Florida.   Upon information and belief, Defendants are engaged in at least the

145113

manufacture, sale and distribution in interstate commerce of locks, locking luggage and similar

products and are engaged in the service of certifying the quality of certain locks and locking luggage

in interstate commerce.

3.     Upon information and belief, Defendants are doing business in this district, including

at least sales and distribution of products and/or services in this district using trademarks in violation

of Sentry Group's rights.

4.     This is an action under the United States trademark laws (15 U.S.C. § 1051 et seq.)

for infringement of a registered trademark under § 32 of the Lanham Act (15 U.S.C. § 1114), for

unfair competition under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), use of a name with intent

to deceive under Section 133 of the New York General Business Law, and false advertising under

Sections 349 and 350 of the New York General Business Law.

5.     This Court has subject matter jurisdiction over the claims set forth herein under 15

U.S.C. § 1121(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1338 and under the doctrine of pendent

jurisdiction.

6.     Venue in this district is proper under 28 U.S.C. § 1391.


**FIRST CAUSE OF ACTION**
**(Trademark Infringement under § 32 of the Lanham Act)**

7.     Sentry Group realleges and incorporates by reference paragraphs 1 through 6.

8.     This first cause of action arises under the trademark laws of the United States, 15

U.S.C. § 1051 et seq.

9.     For many years, Sentry Group has used the trademarks "SENTRY," the "SENTRY

DESIGN" and "SENTRY SUPREME" in association with products manufactured by and for it and

marketed in interstate commerce throughout the United States and in foreign commerce with the United States. Sentry Group has used the trademarks "SENTRY," the "SENTRY DESIGN" and "SENTRY SUPREME" to distinguish its products from the goods of others of the same class and related classes.

10.     Sentry Group is the owner of the following valid and subsisting incontestable United States Trademark Registrations for the trademarks "SENTRY," the "SENTRY DESIGN" and "SENTRY SUPREME":

a)     Registration No. 652,712, issued on October 8, 1957, for "fire and theft resistive steel safes" in Class 6;

b)     Registration No. 993,849, issued on September 24, 1974, for "combination locks sold as component parts of safes and strongboxes" in Class 6;

c)     Registration No. 1,259,104, issued on November 29, 1983, for "safes" in Class 6;

d)     Registration No. 1,423,609, issued on January 6, 1987, for "fire resistive metalic lockable containers for storing valuables" in Class 6 and "fire-resistive non-metalic lockable containers for storing valuables" in Class 20; and

e)     Registration No. 1,878,430, issued on February 14, 1995, for "fire- and theft-resistive metallic lockable safes for storing valuables" in Class 6 and "fire- and theft-resistive non-metallic safes and protective containers and filing cabinets" in Class 20.

A copies of each of the above mentioned U.S. Trademark Registrations is attached as Exhibit A.

11.     Since the applicable date of issuance of the trademark registrations noted above,

Sentry Group has continued to use the trademarks "SENTRY," the "SENTRY DESIGN" and "SENTRY SUPREME" in interstate commerce and in foreign commerce with the United States.

12.     Since at least the applicable date of the issuance of the trademark registrations noted herein, Sentry Group has been and still is the owner of the trademarks "SENTRY," the "SENTRY DESIGN" and "SENTRY SUPREME" and the Federal registrations thereof, and has continuously used the trademarks "SENTRY," the "SENTRY DESIGN" and "SENTRY SUPREME" in interstate commerce and in foreign commerce with the United States.

13.     Since at least prior to the time of Defendants' infringement, Sentry Group has given notice to the public that "SENTRY," the "SENTRY DESIGN" and "SENTRY SUPREME" are registered trademarks by affixing proper notice as provided for in 15 U.S.C. § 1111.

14.     Defendants, without consent or license from Sentry Group, have infringed and continue to infringe the trademarks "SENTRY," the "SENTRY DESIGN" and "SENTRY SUPREME" by using a confusingly similar imitation marks, those marks being "TRAVEL SENTRY" and the Defendants' red-diamond shaped logo, at least in connection with the sale and distribution of its products and services in interstate commerce. Defendants' use thereof is likely to cause confusion, mistake and deception and will continue to cause confusion, mistake and deception in violation of 15 U.S.C. § 1114.

15.     Upon information and belief, Sentry Group's use and registration of the trademarks "SENTRY," the "SENTRY DESIGN" and "SENTRY SUPREME" preceded by many years Defendants' adoption of its infringing imitation marks.

16.     Upon information and belief, Defendants will continue to infringe Sentry Group's trademark unless enjoined by this Court.

17.     Upon information and belief, Defendants were and are fully aware of Sentry Group's

4

trademarks and the registrations thereof when they committed, and while they continue to commit, their acts of infringement in willful and flagrant disregard of Sentry Group's lawful rights.

18.     Upon information and belief, Defendants intended and continue to intend to cause confusion and mistake to deceive the buyers of Defendants' products and services into believing that they were and are buying products produced by, marketed by, sponsored by, approved by, or licensed by Sentry Group.

19.     As a result of Defendants' unlawful conduct, Sentry Group has been and continues to be substantially and irreparably harmed.  If Defendants' infringement is permitted to continue, further damage and irreparable injury will be sustained by Sentry Group, and others will be encouraged or induced to infringe upon Sentry Group's trademarks.  Through such infringement, the value of Sentry Group's trademarks will be substantially reduced or destroyed, for which Sentry Group cannot be adequately compensated at law.

20.     Defendants have derived unlawful gains and profits from its infringement of Sentry Group's trademarks, and Sentry Group thereby has been caused loss and damage.  As a proximate result of Defendants' infringement, Sentry Group has suffered injury to its business, goodwill, reputation and profits, all to its damage and in an amount not yet fully ascertained.

21.     This is an exceptional case of trademark infringement, and Sentry Group is entitled to recover reasonable attorneys' fees and three times its actual damages pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION
### (Unfair Competition in Violations of § 43(a) of the Lanham Act)

22.     Sentry Group realleges and incorporates by reference paragraphs 1 through 21.

23.     This second cause of action arises under Section 43(a) of the Federal Trademark Act

5

of 1946, as amended (15 U.S.C. § 1125(a)).

24.     Defendants' use of its marks confusingly similar to "SENTRY," the "SENTRY

DESIGN" and "SENTRY SUPREME" constitute acts in violation of 15 U.S.C. § 1125(a), in that

such use falsely describes Sentry Group as the source of Defendants' products and services, and

falsely represents that Defendants' products and services are produced by, marketed by, sponsored

by, approved by or licensed by Sentry Group.

25.     As a proximate result of Defendants' acts, Sentry Group has suffered injury to its

business, goodwill, reputation and profits, all to its damage in an amount as yet not fully ascertained.

26.     This is an exceptional case and Sentry Group is entitled to recover three times its

damages plus reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION
**(Violation of New York General Business Law § 133)**

27.     Sentry Group realleges and incorporates by reference paragraphs 1 through 26.

28.     This fourth cause of action arises under Section 133 of the New York General

Business Law.

29.     Defendants' misappropriation and misuse of Sentry Group's trademarks "SENTRY,"

the "SENTRY DESIGN" and "SENTRY SUPREME" constitutes the assumption, adoption, or use,

with intent to deceive or mislead the public, for advertising purposes or for the purposes of trade, of

a symbol designation, style or simulation thereof, which may deceive or mislead the public into

believing that a connection exists between Defendants and/or its products and services and Sentry

Group and/or its products.

30.     By so misappropriating and misusing Sentry Group's trademarks "SENTRY," the

"SENTRY DESIGN" and "SENTRY SUPREME", Defendants have violated and continue to violate

Section 133 of the New York General Business Law.

31.     By reason of the foregoing, Sentry Group has been injured in an amount not yet

ascertained and is entitled to the remedies provided for in New York General Business Law § 133.

## FOURTH CAUSE OF ACTION
### (False Advertising in Violation of New York General Business Law §§ 349 and 350, and Similar Laws of Other States)

32.     Sentry Group realleges and incorporates by reference paragraphs 1 through 31.

33.     The fifth cause of action arises under Section 349 and 350 of the New York General

Business Law.

34.     Defendants' misappropriation and misuse of Sentry Group's trademarks "SENTRY,"

the "SENTRY DESIGN" and "SENTRY SUPREME" represents a deliberate attempt to mislead

consumers into believing that Defendants and/or Defendants' products and services are in some

manner affiliated with or sanctioned by Sentry Group.

35.     By misappropriating and misusing Sentry Group's trademarks "SENTRY," the

"SENTRY DESIGN" and "SENTRY SUPREME" in connection with at least the labeling and

advertising of its products and services, Defendants are engaging in deceptive acts or practices in

violation of Section 349 of the New York General Business Law and false advertising in violation of

Section 350 of the New York General Business Law, and similar laws of other states in which

Defendants' products and/or services have been and are being distributed.

36.     As a result of Defendants' unauthorized association of its merchandise with Sentry

Group, such violations have resulted, upon information and belief, in profits to Defendants and have

substantially harmed Sentry Group by depriving it of revenue to which it is entitled.

37.     By reason of the foregoing, Sentry Group is entitled to the remedies provided for in New York General Business Law §§ 349 and 350, and provided for in similar laws of other states in which Defendants' products and/or services have been and are being distributed.

**WHEREFORE**, the Plaintiff, Sentry Group, demands with respect to each of its claims:

1.     That Defendants, their related companies, and their agents, distributors, employees, officers, attorneys, successors and assigns, and all those persons in active concert or participation with each or any of them, be enjoined, during the pendency of this action and permanently, from directly or indirectly infringing any trademarks of Sentry Group in any manner.

2.     That Defendants, their related companies, and their agents, distributors, employees, officers, attorneys, successors and assigns, and all those persons in active concert or participation with each or any of them, be enjoined, during the pendency of this action and permanently, from directly or indirectly misappropriating and/or misusing any trademarks of Sentry Group in any manner.

3.     That Defendants, their related companies, and their agents, distributors, employees, officers, attorneys, successors and assigns, and all those persons in active concert or participation with each or any of them, be enjoined, during the pendency of this action and permanently, from falsely advertising, directly or indirectly, Defendants' products and services.

4.     That Defendants be required to pay to Sentry Group such damages as Sentry Group has sustained as a result of Defendants' infringement, and unlawful acts and to account for all gains, profits and advantages derived by Defendants from the same.

5.     That Defendants be required to deliver up to be impounded, during the pendency of this action and permanently, all products, product containers, literature, manuals, advertising and

8

other such materials that infringe Sentry Group's trademarks.

6.       That Defendants be required to pay to Sentry Group three times its actual damages sustained as a result of Defendants' infringement and unlawful acts.

7.       That Defendants pay to Sentry Group the costs and disbursements of this action, together with reasonable attorneys' fees.

8.       That this Court grant Sentry Group such other and further relief as this Court deems just and proper.

Dated: September 21, 2004                    JAECKLE FLEISCHMANN & MUGEL, LLP

                                             BY: _____
                                                 Jeffrey H. LaBarge
                                                 *Attorneys for Plaintiff*
                                                 John D. Brush & Co., Inc., d/b/a Sentry Group
                                                 190 Linden Oaks
                                                 Rochester, NY 14625
                                                 (585) 899-2954